IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03004-DME-MJW

KURT F. HOWE,

Plaintiff,

v.

COBB MECHANICAL CONTRACTORS, INC.,

Defendant.

# RECOMMENDATION
## THAT THIS ACTION BE DISMISSED WITH PREJUDICE AND THAT ATTORNEY FEES AND COSTS BE AWARDED TO DEFENDANT BASED UPON PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate issued by U.S. Circuit Court Judge David M. Ebel on December 31, 2009. (Docket No. 2).

In a Minute Order entered by this court on February 23, 2010 (Docket No. 11), a Rule 16 Scheduling Conference was set on March 3, 2010, at 8:30 a.m. Plaintiff was directed to be present in person for that hearing. (Docket No. 11). Plaintiff's former counsel, Bryan E. Kuhn, was directed by the court to notify the plaintiff of the conference date and time. (See Docket No. 11). On March 3, the court waited until 9:40 a.m. to call the case to give the plaintiff time to appear, but he failed to appear as

directed, nor did he move for a continuance, telephone the court, or otherwise contact the court with respect to the March 3 hearing. Defense counsel, who was present for the March 3 hearing, advised the court that the plaintiff had not provided any input in the proposed Scheduling Order. The court notes that it was sunny and clear at the time of the conference, and the roads were clear.

This court thus issued an Order to Show Cause and Order Resetting Scheduling Conference (Docket No. 16) in which plaintiff was directed to appear in person before this court on March 15, 2010, at 2:00 p.m. to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon his failure to appear, failure to prosecute, and failure to comply with court orders. Plaintiff was advised in that Order that in addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed were an order directing plaintiff to pay defendant's reasonable attorney fees and costs and a finding and order of contempt. In addition, this court reset the Rule 16 Conference to March 15, 2010, at 2:00 p.m. The copy of that Order to Show Cause and Order Resetting Scheduling Conference mailed to the plaintiff at his address of record was not returned to the court as undeliverable by the U.S. Postal Service.

On March 11, 2010, defense counsel filed a Status Report (Docket No. 17) in which she advised the court of the following. She spoke with plaintiff by telephone on March 4, 2010, and explained the court's orders. Plaintiff asked for her name and telephone number and stated he would call her back. Defense counsel received a voice mail message from plaintiff's wife later in the day on March 4. Defense counsel returned the call on Friday, March 5, and spoke again with plaintiff. At that time, plaintiff

indicated that he did not wish to participate in developing a proposed Scheduling Order because he did not intend to pursue his lawsuit. Defense counsel advised plaintiff that he should notify the court of his decision. Based upon plaintiff's representation, defense counsel did not file a revised proposed Scheduling Order, but she did appear as directed for the hearing on March 15, 2010, at 2:00 p.m.

Plaintiff, however, once again failed to appear. In addition, he did telephone the court at the time of the courthouse or otherwise contact the court. He did not notify the court that he wanted to discontinue the action or that he wanted to postpone the conference. Once again, it was sunny and clear at the time of the conference, and the roads were clear.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon the plaintiff's repeated failure to appear, failure to prosecute, and failure to comply with court orders. It is further recommended that the plaintiff be directed to pay the defendant's reasonable attorney fees and costs.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

**not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:    March 17, 2010                                       s/ Michael J. Watanabe
             Denver, Colorado                          Michael J. Watanabe
                                                               United States Magistrate Judge