IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-03004-DME-MJW

KURT F. HOWE,

    Plaintiff,

v.

COBB MECHANICAL CONTRACTORS, INC.,

    Defendant.

---

**ORDER DISMISSING ACTION WITH PREJUDICE
AND ASSESSING COSTS AND REASONABLE
ATTORNEY'S FEES AGAINST PLAINTIFF**

---

This matter comes before the Court on Magistrate Judge Watanabe's Report and Recommendation that the Court dismiss this action with prejudice for failure to appear, failure to prosecute, and failure to comply with court orders, and that the Court order that Plaintiff pay Defendant's costs and attorney's fees. (Doc. 19.) The Court hereby DISMISSES this case with prejudice, and ORDERS Plaintiff to pay Defendant's costs and reasonable attorney's fees.

**I.    Background**

Plaintiff Howe, with the assistance of counsel, filed this Title VII employment discrimination case on December 29, 2009. (Doc. 1.) Magistrate Judge Watanabe set the case for a Rule 16 scheduling conference on March 3, 2010. (Doc. 3.) On February 5, Plaintiff's attorney moved to withdraw, and Magistrate Judge Watanabe granted that motion on February 23, specifically instructing counsel to inform Plaintiff of his obligation

to appear at the scheduling conference. (Docs. 7, 11.) Plaintiff elected to continue the action pro se. Plaintiff did not appear at the March 3 scheduling conference (though Defendant appeared through counsel and proffered a proposed Scheduling Order, to which Plaintiff had not contributed), and Magistrate Judge Watanabe issued a show cause order and reset the conference for March 15. (Doc. 16.) In the show cause order, the magistrate specifically informed Plaintiff that if he failed to appear, the action could be dismissed, he could be ordered to pay the Defendant's costs and attorney's fees, and he could be held in contempt. (Id. at 3.) This order was mailed to the Plaintiff, and was not returned as undeliverable. (Doc. 19 at 2.)

On March 11, Defendant's counsel filed a status report (Doc. 17) in which she indicated that she had spoken with Plaintiff, who had indicated that he would not participate in creating a proposed Scheduling Order and did not intend to pursue his lawsuit. (Doc. 19 at 2-3.) At the March 15 conference, Plaintiff once again failed to appear. (Doc. 18.) On March 17, Magistrate Judge Watanabe issued the instant Report and Recommendation suggesting that the action be dismissed with prejudice, and that Plaintiff be ordered to pay Defendant's costs and reasonable attorney's fees. (Doc. 19 at 3-4.) Plaintiff has not filed an Objection to the recommendation.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a party has 14 days in which to file written objections to a magistrate judge's dispositive recommendation in order to preserve de novo review by the district court. Fed. R. Civ. P. 72(b)(2). "In the absence of timely objection, the district court may review a magistrate's report under any

standard it deems appropriate." Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991). Plaintiff did not file a written objection to the Report and Recommendation. Nevertheless, the Court will review the recommendation de novo to ensure that the proper standard is applied.

**III.   Dismissal With Prejudice**

Under Federal Rule of Civil Procedure 41(b), the court has the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." See also Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009) (noting that a court may dismiss a case under such circumstances sua sponte). However, "[w]e have long held that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." Davis, 571 F.3d at 1061. "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988).

When considering whether to dismiss an action with prejudice, courts in this circuit must evaluate: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Although we initially developed the Ehrenhaus factors in the context of dismissal for discovery misconduct under Rule 37, we have since applied them to sua sponte dismissals under Rule 41(b)

as well.  See, e.g., Davis, 571 F.3d at 1061.  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."  Ehrenhaus, 965 F.2d at 921 (citing Meade v. Grubbs, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).  Courts are required to evaluate these factors explicitly and on the record.  Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994) (holding that a district court's failure to explicitly consider the Ehrenhaus factors constituted abuse of discretion).

Magistrate Judge Watanabe relied exclusively upon the Court's powers provided by Rules 41(b) and 16(f) in recommending that the case be dismissed.  This is correct, but incomplete absent an explicit determination under the Ehrenhaus factors that dismissal with prejudice is appropriate.  Mobley, 40 F.3d at 341 (finding abuse of discretion where Ehrenhaus factors were not considered).  Nevertheless, all five of the Ehrenhaus factors support dismissal with prejudice here.

First, the Defendant has been required to appear twice—fruitlessly—before the magistrate judge, as well as prepare proposed Scheduling Orders without input or participation from the Plaintiff; the Defendant is thus prejudiced.  Second, Plaintiff's repeated failure to appear has hindered the Court's ability to efficiently manage its docket, thus interfering with the judicial process.  Third, there is nothing in the record that indicates that Plaintiff is anything less than entirely culpable for his failure to appear.  The record shows that he was warned on multiple occasions of his obligation to appear and obey court orders, and while the Court will not take as true the hearsay statements recorded in the Defendant's Status Report that Plaintiff does not intend to

4

prosecute the suit, the mere fact that Defendant's counsel spoke to Plaintiff shortly before the second conference indicates that Plaintiff was aware of it and chose not to attend. Fourth, the record shows that the magistrate judge clearly warned Plaintiff of the potential consequences of failing to appear. Fifth and finally, there is no reason to believe that a less drastic sanction, such as dismissal without prejudice, would adequately deter Plaintiff's behavior.

Thus, under Ehrenhaus, dismissal with prejudice is appropriate.

**IV.     Attorney's Fees and Costs**

Under Rule 16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." The language of this Rule is mandatory. See Lillie v. United States, 40 F.3d 1105, 1110 (10th Cir. 1994) ("[Under Rule 16(f),] compensatory attorney fees are a mandatory component of the sanction unless expressly excepted for specified reasons."). Moreover, it is undisputed that Plaintiff failed to comply with Rule 16 by failing to appear at the scheduling conference, and the record reflects no justification—much less a substantial justification—for the Plaintiff's noncompliance. Therefore, the Court will adopt Magistrate Judge Watanabe's recommendation that costs and attorney's fees be assessed against Plaintiff.

It is therefore ORDERED that:

- this action be DISMISSED WITH PREJUDICE; and
- Plaintiff shall pay the reasonable attorney's fees and costs of the Defendant.

Dated this __1st__ day of _____April__, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE